FILED

2026 OCT -7 PM 2:51

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ______

Russell J. Singer
P.O. Box 485
Laguna Beach, California 92652
Telephone: (949) 280-4336
Email: russell@adobejudgmentcollections.com
Judgment Creditor, in pro per

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUSSELL J. SINGER, substituted Plaintiff and Judgment Creditor (assignee of Lenard E. Schwartzer, Chapter 7 Trustee),<br><br>v.<br><br>DIANNE HUTCHINGS,<br><br>Defendant and Judgment Debtor. | Case No. 2:22-cv-09142-RGK-JPR<br>Hon. R. Gary Klausner<br><br>**NOTICE OF MOTION AND NOTICED APPLICATION FOR ORDER FOR SALE OF DWELLING AND FOR ISSUANCE OF ORDER TO SHOW CAUSE; VERIFIED APPLICATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br>**[Fed. R. Civ. P. 69(a); Cal. Code Civ. Proc. §§ 704.740–704.850]**<br><br>Hearing: Monday, November 9, 2026, at 9:00 a.m.<br>Courtroom 850, 8th Floor<br>Hon. R. Gary Klausner<br><br>[Proposed] Order to Show Cause and [Proposed] Order for Sale of Dwelling lodged concurrently |

## NOTICE OF MOTION AND NOTICED APPLICATION

TO THE JUDGMENT DEBTOR DIANNE HUTCHINGS, TO ALL OCCUPANTS OF 471 CANYON VISTA DRIVE, LOS ANGELES, CALIFORNIA 90065, AND TO ALL PARTIES IN INTEREST:

PLEASE TAKE NOTICE that on Monday, November 9, 2026, at 9:00 a.m., or as soon thereafter as the matter may be heard, or on such later date as the Court sets in its order to show cause, in Courtroom 850, 8th Floor, Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, California 90012, before the Honorable R. Gary Klausner, judgment creditor Russell J. Singer ("Applicant") will and hereby does apply, on regular notice, for the following relief:

1. An order to show cause under California Code of Civil Procedure section 704.770(a), applicable through Federal Rule of Civil Procedure 69(a), directing judgment debtor Dianne J. Hutchings to appear and show cause why an order for sale of her interest in the dwelling located at 471 Canyon Vista Drive, Los Angeles, California 90065, Assessor's Parcel No. 5465-009-016 (the "Dwelling"), should not be made in accordance with this application; and

2. After the hearing, an order under section 704.780 for the sale of the judgment debtor's interest in the Dwelling, namely the undivided 50% interest held of record in the name of "Dianne J. Hutchings, as Trustee of the Hutchings Family Trust, dated February 21, 2018, FBO Dianne J. Hutchings," including a determination that that interest is property of the judgment debtor subject to enforcement of this judgment under Probate Code section 18200.

**This application is made on regular notice under Local Rules 6-1 and 7-4. It is not an ex parte application.** The Court denied Applicant's application of September 15, 2026 (ECF No. 32) on September 21, 2026 (ECF No. 33) because it was presented on an ex parte basis without the showing required by *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488,

492 (C.D. Cal. 1995). The merits were not reached. The order stated that the applicant had not shown why the relief could not be "calendared in the usual manner" or be heard "according to the regular noticed motion procedures." This application is presented through those procedures.

The application is made on the following grounds: (a) Applicant is the judgment creditor of record under the Court's order of June 8, 2026 (ECF No. 26); (b) a writ of execution issued on August 6, 2026 (ECF No. 31) and the United States Marshal levied on the judgment debtor's interest in the Dwelling on August 28, 2026; (c) the levying officer served notice of the levy on Applicant under section 704.750(a), and this application is made and a copy delivered to the levying officer within the time that section allows; (d) the verified application below states each matter required by section 704.760; (e) on information and belief the Dwelling is not the homestead of the judgment debtor, and the county assessor's records show no homeowner's or disabled veteran's exemption, so that the burden of proving a homestead rests on any person claiming one (§ 704.780(a)(1)); and (f) the sale of the judgment debtor's interest is the remedy the statute provides.

Hearing date. The hearing date stated above is the Monday that falls between 28 and 35 days after the filing of this application, as Local Rule 6-1 and paragraph 6 of the Court's Standing Order require. Section 704.770(a) directs the Court to set the time and place of hearing in its order to show cause, not later than 45 days after filing "or such later time as the court orders upon a showing of good cause," and section 704.770(b) requires the order to show cause, the application and the Judicial Council notice of hearing to be served on the judgment debtor and the occupant at least 30 days before the hearing (35 days if served by mail, § 684.120(b)(1)). The November 9, 2026 date is the noticed hearing on this application. Because the statutory service cannot be completed 30 days before that date unless the order to show cause issues within days of filing, Applicant

requests that the Court, at or before the noticed hearing, issue the order to show cause and set the section 704.770 hearing on the first available Monday that permits the required service, finding good cause under section 704.770(a) for a date more than 45 days after filing. The noticed hearing and the section 704.770 hearing may be the same date if the Court so orders.

Local Rule 7-3. No conference has taken place. The judgment debtor is not represented by counsel and has not appeared in this enforcement proceeding. On October 1, 2026, Applicant mailed the judgment debtor, at her last known address and at the Dwelling, a written request for a telephone or video conference under Local Rule 7-3, asking her to make contact by October 5, 2026. No response was received. Because section 704.750(a) requires this application to be made within a fixed period after the levying officer's notice, Applicant could not wait seven days after any conference before filing. Applicant therefore requests that the Court excuse strict compliance with Local Rule 7-3 for this application; the debtor will have the full opposition period under the order to show cause. (Declaration of Russell J. Singer ("Singer Decl.") ¶ 14, Ex. R.)

This application is based on this notice, the verified application, the memorandum of points and authorities, the separately filed Declaration of Russell J. Singer and its exhibits, the records and files in this action (including ECF Nos. 26, 31, 32, 33, 34 and 35), the [Proposed] Order to Show Cause and [Proposed] Order for Sale of Dwelling lodged concurrently, and such further evidence and argument as the Court may receive at the hearing.

Dated: October 6, 2026

Russell J. Singer

Russell J. Singer
Judgment Creditor, in pro per

## VERIFIED APPLICATION FOR ORDER FOR SALE OF DWELLING

Russell J. Singer, judgment creditor, applies under Federal Rule of Civil Procedure 69(a) and California Code of Civil Procedure sections 704.740 through 704.850 for an order for sale of the judgment debtor's interest in the Dwelling, and states under oath as follows. Statutory references are to the California Code of Civil Procedure unless otherwise stated.

**A. The judgment, its registration, and the judgment creditor**

1. On March 28, 2022, the United States Bankruptcy Court for the District of Nevada entered a money judgment against Dianne J. Hutchings in the amount of $119,988.23 in favor of Lenard E. Schwartzer, Chapter 7 Trustee, in Adversary Proceeding No. 21-01198-ABL (In re Welscorp, Inc., Case No. BK-S-19-18056-ABL). (Ex. D.)

2. The judgment was registered in this Court under 28 U.S.C. § 1963 on October 26, 2022. By order entered June 8, 2026 (ECF No. 26), the Court substituted Russell J. Singer, as assignee of the Chapter 7 Trustee, as plaintiff and judgment creditor for purposes of enforcement. (Ex. I.)

**B. The writ, the amount due, and the levy**

3. On August 6, 2026, the Clerk issued a writ of execution to the United States Marshal for the Central District of California (ECF No. 31). The writ states principal of $119,988.23, accrued interest of $6,653.77, a net balance of $126,642.00 due on the date of issuance, interest at 1.30 percent per annum, and daily interest of $4.27. (Ex. C.) No payment has been received on the judgment since the writ issued. As of October 5, 2026, the amount due under the writ was $126,898.20, computed as $126,642.00 plus 60 days of interest at $4.27 per day ($256.20), exclusive of the Marshal's fees and costs, with interest continuing to accrue at $4.27 per day as stated in the writ.

4. On August 28, 2026, the United States Marshal levied on the judgment debtor's interest in the Dwelling by recording a copy of the writ and a notice of

levy with the Los Angeles County Registrar-Recorder as Instrument No. 20260647247, and by serving an occupant of the Dwelling. (Ex. C.) The Marshal filed returns of service on September 24, 2026 (ECF Nos. 34 and 35).

**C. The levying officer's notice and the timeliness of this application**

5. On September 17, 2026, the United States Marshals Service served on Applicant by first-class mail its Notice to Judgment Creditor of Levy on Dwelling under section 704.750(a) (USMS File No. D12-CV-23-000058), stating that the levy was made on August 28, 2026 and that the Dwelling will be released unless Applicant applies to the Court for an order for sale and files a copy of the application with the levying officer within 20 days. (Singer Decl. ¶ 4.) Section 704.750(a) requires the application within 20 days after service of that notice; service by mail extends that period by five days (§ 684.120(b)(1)).

6. Applicant filed an application for order for sale on September 15, 2026 (ECF No. 32), before the Marshal's notice was served, and delivered a copy to the Marshals Service, which confirmed receipt on September 17, 2026. (Ex. Q.) The Court denied that application on September 21, 2026 because it was presented ex parte, without reaching the merits (ECF No. 33). This application is filed, and a copy delivered to the Marshals Service, within the period allowed by section 704.750(a). The levy remains in effect.

**D. Description of the Dwelling (§ 704.760)**

7. The Dwelling is a single-family residence located at 471 Canyon Vista Drive, Los Angeles, California 90065, Assessor's Parcel No. 5465-009-016, legally described as: LOT 107 OF LE MOYNE TERRACES TRACT NO. 2, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 9 PAGE 118 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. (Exs. A, B, C, P.) The Marshal's return reflects service on an occupant, and the property is therefore a "dwelling" within section 704.710(a). The Assessor's records

summarized in Exhibit P (effective September 25, 2026) describe the parcel as a single-family residence of 1,111 square feet built in 1947 on a 5,300-square-foot lot, with a 2026 roll value of $463,545. (Ex. P.) The roll value is not offered as fair market value.

**E. Record title and the judgment debtor's interest**

8. By quitclaim deed dated March 14, 2018 and recorded April 12, 2018 as Instrument No. 20180355773, Dianne J. Hutchings, as successor trustee of the Preston Revocable Living Trust dated April 22, 2004, conveyed the Dwelling in three undivided shares: 50 percent to "Dianne J. Hutchings, as Trustee of the Hutchings Family Trust, dated February 21, 2018, FBO Dianne J. Hutchings"; 25 percent to "Bryan Centola, also known as Damiano Centola, a married man as his sole and separate property"; and 25 percent to "Danyelle D. Ramirez, a married woman as her sole and separate property." (Ex. A.) The title search effective August 3, 2026 (Litigation Guarantee No. LTTSG2601519) reports no later conveyance of those interests and no deed of trust or mortgage. (Ex. B.) A publication date-down endorsement dated October 2, 2026 reports no later public-record matter affecting the guarantee other than the two recorded execution levies already disclosed in this application. (Ex. O.)

9. The judgment debtor's interest is the undivided 50 percent share vested in her name as trustee of the Hutchings Family Trust for her own benefit ("FBO Dianne J. Hutchings"). (Ex. A.) Deeds recorded in San Bernardino County on March 7, 2018, as Instrument Nos. 2018-0081021 and 2018-0081022, show that James C. Hutchings and Dianne J. Hutchings, husband and wife, funded the Hutchings Family Trust dated February 21, 2018 by conveying their own property to themselves as trustees of that trust. (Ex. K.) The 50 percent interest in the Dwelling came to the judgment debtor from the Preston Revocable Living Trust dated April 22, 2004, of which she was successor trustee; one week after the San Bernardino deeds were recorded, she executed the deed conveying that

share to herself as trustee of the Hutchings Family Trust "FBO Dianne J. Hutchings." (Ex. A.) On the basis of those recorded instruments, and by inference from them, Applicant is informed and believes that the judgment debtor received the 50 percent interest as her own property by distribution from the Preston trust, that she then contributed it to the Hutchings Family Trust, of which she is a settlor and trustee, and that she holds it for her own benefit. These are inferences from the recorded deeds, not statements of the trust's terms. The trust instrument and any amendments are not in Applicant's possession. Applicant does not represent what the instrument says; Applicant relies on the statutory presumption that a trust is revocable unless the instrument expressly provides otherwise (Prob. Code § 15400) and on the recorded deeds. That presumption applies where the settlor was domiciled in California when the trust was created, where the instrument was executed in California, or where the instrument selects California law (id.). The recorded deeds support the first of these, California domicile, by inference: the trust was funded, within two weeks of its date, by deeds conveying San Bernardino County real property, recorded March 7, 2018 (Ex. K), and the deed of March 14, 2018 directs tax statements to the judgment debtor at an address in Victorville, California (Ex. A). Document subpoenas seeking the trust instrument issued on September 15, 2026 (Bankr. D. Nev. Form B2570), including to the judgment debtor and to the law firm to which the 2018 Los Angeles deed was returned after recording; service on the judgment debtor has not yet been completed. Applicant will file any trust documents obtained before the hearing. Applicant requests that the order to show cause direct the judgment debtor to attach a complete copy of the trust instrument and all amendments to any opposition contending that the trust is irrevocable or that she is not its settlor, and that the Court set a schedule for the presentation of that evidence before the sale determination.

10. Under Probate Code section 18200, property of a trust that the settlor may revoke "is subject to the claims of creditors of the settlor to the extent of the power of revocation during the lifetime of the settlor," and under Probate Code section 15400 a trust is revocable by the settlor unless the instrument expressly makes it irrevocable. Applicant requests a determination, on the record developed under the order to show cause, that the 50 percent interest is property of the judgment debtor subject to enforcement of this judgment and to the levy of August 28, 2026. In the alternative, if the instrument proves to be irrevocable, Applicant requests a determination that, if the judgment debtor is shown to be both settlor and beneficiary of the trust as to that interest, her creditors may reach it notwithstanding any restraint on transfer, to the extent Probate Code section 15304(a)–(b) allows under the instrument's distribution terms. If the Court concludes that the existing levy, which names the judgment debtor individually, does not reach the interest held in her name as trustee, Applicant requests in the further alternative an order, as in Keitel v. Heubel, 103 Cal. App. 4th 324, 334 (2002), that a writ of execution issue against Dianne J. Hutchings as Trustee of the Hutchings Family Trust dated February 21, 2018, with leave to levy under it and to apply for an order for sale on that levy.

**F. Statements required by section 704.760**

11. Assessor's exemption records (§ 704.760(a)). The records of the Los Angeles County Assessor for APN 5465-009-016, summarized in Exhibit P (records effective September 25, 2026), show "Exemption: None."
They do not indicate a current homeowner's exemption or disabled veteran's exemption for the Dwelling, and they identify no person who has claimed such an exemption. (Ex. P; see also Ex. F.)

12. Homestead (§ 704.760(b)). Applicant is informed and believes that the Dwelling is not the homestead of the judgment debtor or of her spouse and that no homestead exemption applies to the interest to be sold. The bases for that

belief are: the 2018 deed directs tax statements to the judgment debtor at an address in Victorville, California (Ex. A); the writ of execution lists the judgment debtor's address in Victorville, California (Ex. C); the 2018 San Bernardino County deeds show the judgment debtor and her husband holding residential property in that county (Ex. K); and the Assessor's records show no homeowner's exemption for the Dwelling (Ex. P). The records of the Los Angeles County Recorder examined in the title search effective August 3, 2026 do not indicate that a homestead declaration under Article 5 (commencing with section 704.910) describing the Dwelling has been recorded by the judgment debtor or her spouse. (Ex. B.) If the Court determines that the Dwelling is the judgment debtor's homestead, Applicant requests that the Court determine the amount of the exemption under section 704.730 and the fair market value of the Dwelling under section 704.780(b), and Applicant will submit a licensed appraisal or broker's opinion of value before the hearing or requests that the Court appoint an appraiser under section 704.780(d).

13. Liens and encumbrances (§ 704.760(c)). The liens and encumbrances on the Dwelling disclosed by the recorded and county records examined are stated in the following schedule, with the name of each person having a lien or encumbrance and the address used by the county recorder for return of the recorded instrument. (Exs. B, C, F, I, L, M, O, P.)

| **Lien or encumbrance (holder)** | **Amount (basis)** | **Address of record for return of recorded instrument** |
|---|---|---|
| County of Los Angeles secured property taxes (Treasurer and Tax Collector, 225 North Hill Street, Los Angeles, California 90012). | 2025–2026 annual bill $5,600.87, shown as paid in the County's payment history retrieved September 11, 2026; Assessor record | Not applicable (statutory lien). |

| Lien or encumbrance (holder) | Amount (basis) | Address of record for return of recorded instrument |
|---|---|---|
| Statutory lien; no recorded instrument. | of October 2, 2026 shows tax status "CURRENT." The 2026–2027 annual bill was not available when retrieved; Applicant's good-faith estimate is $5,712.87 ($5,600.87 × $463,545 ÷ $454,457). Not a payoff; supplemental or escaped assessments, if any, are additional. | |
| Judgment lien of this judgment: abstracts of judgment recorded April 24, 2023 (Instrument No. 20230262469) and January 23, 2024 (Instrument No. 20240050126); substitution of judgment creditor recorded July 28, 2026 (Instrument No. 20260554818); execution lien by levy recorded August 28, 2026 (Instrument No. 20260647247). Holder: Russell J. Singer. Original creditor: Lenard E. Schwartzer, Chapter 7 Trustee. These instruments secure one debt and are not cumulative. | $126,898.20 as of October 5, 2026 (writ balance $126,642.00 plus $256.20 interest), plus interest at $4.27 per day and the Marshal's fees and costs. | Russell J. Singer, P.O. Box 485, Laguna Beach, California 92652 (substitution and levy). Abstracts: c/o Ramsaur Law Office, 27075 Cabot Road, Suite 110, Laguna Hills, California 92653, and 950 Pacific Avenue, Suite 1030, Tacoma, Washington 98402. |
| Judgment lien of the | $58,230.92 as of | Russell J. Singer, P.O. |

| Lien or encumbrance (holder) | Amount (basis) | Address of record for return of recorded instrument |
|---|---|---|
| judgment against Danyelle Ramirez (No. 2:22-cv-09278-RGK-MAR): abstract recorded January 23, 2024 (Instrument No. 20240050111); substitution recorded July 28, 2026 (Instrument No. 20260554817); execution lien by levy recorded August 28, 2026 (Instrument No. 20260647224). Attaches to the Ramirez 25 percent interest. Holder: Russell J. Singer; original creditor: Lenard E. Schwartzer, Chapter 7 Trustee. | October 5, 2026 per the writ in that action ($58,113.32 plus $117.60 interest), plus $1.96 per day. | Box 485, Laguna Beach, California 92652 (substitution and levy). Abstract: c/o Ramsaur Law Office at the Laguna Hills and Tacoma addresses above. |
| Judgment lien of the judgment against Bryan Centola (No. 2:22-cv-09186-RGK-MAR): abstract recorded February 23, 2026 (Instrument No. 20260127119). Attaches to the Centola 25 percent interest. Holder: Russell J. Singer, substituted by order entered June 8, 2026; original creditor: Lenard E. Schwartzer, Chapter 7 Trustee. | Principal $20,000.00 (judgment entered March 24, 2022). Approximately $21,207 as of October 5, 2026, computed at 1.30 percent (the average of the daily one-year Treasury constant-maturity yields for March 14–18, 2022, the calendar week preceding entry of judgment: 1.28, 1.28, 1.35, 1.30 and 1.29 percent; 28 U.S.C. § 1961(a)), compounded annually (§ 1961(b)), with no payments: | c/o Ramsaur Law Office, 27075 Cabot Road, Suite 110, Laguna Hills, California 92653 (abstract); Russell J. Singer, P.O. Box 485, Laguna Beach, California 92652. |

| **Lien or encumbrance (holder)** | **Amount (basis)** | **Address of record for return of recorded instrument** |
| --- | --- | --- |
| | $20,000.00 × 1.013^4 = $21,060.46 on March 24, 2026, plus 195 days at $0.7501 per day ($146.27), for $21,206.73. | |
| Easements for sewer, gas and water pipes and incidental rights, and covenants, conditions and restrictions, recorded in Book 808, page 126, Official Records (Hellman Commercial Trust and Savings Bank, grantor; Matt Baumgartner, grantee), and a canal right of the City of Los Angeles under Book 61, page 208, of Deeds. | Non-monetary. No sum is payable to discharge them; no current holder or payoff is identified in the records examined. | None identified in the records examined. |
| No deed of trust or mortgage is reported by the title search effective August 3, 2026. The search also lists a generic water-rights exception, historical deeds and death affidavits, possible community-property interests of spouses, and standard title-insurance exceptions, none of which the records identify as a monetary lien. | None. | See Exhibit B, Schedule C, for historical return addresses. |

14. Consumer debt (§ 704.760(d)). The judgment is not based on a consumer debt as defined in section 699.730(a). It was entered in an adversary proceeding brought by the Chapter 7 trustee to avoid and recover transfers made to the judgment debtor by the Welscorp debtors, and it awards the amount of those transfers. An obligation to return avoided transfers is not an obligation incurred primarily for personal, family or household purposes. (Exs. D, E.)

**G. Co-owners and the interest to be sold (§ 704.820)**

15. The Dwelling is owned in undivided shares by the judgment debtor (50%), Danyelle D. Ramirez (25 percent) and Bryan Centola (25 percent). Under section 704.820(a), the interest of the judgment debtor, and not the Dwelling, is to be sold. Applicant also holds the judgment against Danyelle D. Ramirez (Singer v. Ramirez, No. 2:22-cv-09278-RGK-MAR), whose 25% interest was separately levied on August 28, 2026, and is filing a parallel noticed application in that action at the same time. Applicant requests only that the Court coordinate the two hearings in its discretion; Applicant does not ask in this application for an order directing a combined sale. Applicant also holds a judgment against Bryan Centola (No. 2:22-cv-09186-RGK-MAR); his interest has not been levied, no sale of it is requested, and Applicant requests that any order be without prejudice to that interest.

**H. Relief requested**

16. Applicant requests that the Court: (a) issue an order to show cause under section 704.770(a), in the form lodged, setting a hearing and directing service under section 704.770(b); (b) at the hearing, determine under section 704.780 whether the Dwelling is exempt and, if so, the amount of the homestead exemption and the fair market value of the Dwelling; (c) determine that the undivided 50 percent interest held of record in the name of "Dianne J. Hutchings, as Trustee of the Hutchings Family Trust, dated February 21, 2018, FBO Dianne J. Hutchings" is property of the judgment debtor subject to enforcement of this

judgment under Probate Code section 18200; (d) order the sale of the judgment debtor's interest in the Dwelling by the United States Marshal in the manner provided by section 704.780 and Article 6 (commencing with section 701.510) of Chapter 3, with the proceeds distributed as section 704.850 provides; and (e) direct the Clerk to transmit a certified copy of the order to the levying officer under section 704.780(c).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. This Court applies California's dwelling-sale procedure under Rule 69(a).

Rule 69(a)(1) provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located," except to the extent a federal statute applies. A judgment registered under 28 U.S.C. § 1963 "shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." California permits the interest of a natural person in a dwelling to be sold to enforce a money judgment only under a court order for sale obtained under Article 4 (§ 704.740(a)), and this Court is the court that issues that order. *Duchek v. Jacobi*, 646 F.2d 415, 416–419 (9th Cir. 1981) (Rule 69 adopts state execution procedure; state provisions confining a remedy to state courts do not withdraw it from the federal court). Judges of this District apply sections 704.740 through 704.850 in exactly this way, by issuing an order to show cause on the judgment creditor's application, setting the hearing and the briefing schedule, directing service under section 704.770(b), and entering an order for sale after the hearing. *See, e.g., Nationwide Judgment Recovery, Inc. v. Disner*, No. 2:22-cv-03547-PSG (C.D. Cal.), ECF Nos. 39 (order to show cause, June 7, 2024) and 42 (order granting application for sale of dwelling, July 26, 2024); *Rainey v. Taylor*, No. 8:19-cv-00219-MCS (C.D. Cal.), ECF Nos. 103–104 (order to show cause, Aug. 7, 2024) and 125 (order for sale of dwelling, May

2, 2025); *Orso v. Disner*, No. 2:24-cv-03403-DMG (C.D. Cal.), ECF No. 21 (order to show cause, June 11, 2024).

**II. This is a regularly noticed application, as the Court's order of September 21, 2026 directs.**

The Court denied Applicant's prior application because it was presented ex parte without the showing required by *Mission Power*, stating that the applicant had not shown why the merits could not be heard "according to the regular noticed motion procedures." (ECF No. 33.) This application is noticed for the first Monday more than 28 days after filing (L.R. 6-1, 7-4), is served on the judgment debtor with this notice, and asks for no relief before the hearing other than the issuance of the order to show cause that section 704.770(a) itself requires "[u]pon the filing of the application." The order to show cause is the statutory notice device, not an ex parte remedy: it is the order by which the Court sets the hearing and tells the judgment debtor what she must do (§ 704.770(a)–(b)). Because section 704.770(b) requires the order to show cause, the application and the Judicial Council notice (Form EJ-180) to be served at least 30 days before the hearing (35 days if by mail, § 684.120(b)(1)), and because section 704.770(a) allows a hearing more than 45 days after filing on a showing of good cause, Applicant asks the Court to issue the order to show cause at or before the noticed hearing of November 9, 2026 and to set the section 704.770 hearing on the first available Monday that permits that service, finding good cause for any later date on that basis. *See Rainey v. Taylor*, ECF Nos. 99, 103–104 (court invited a good-cause showing for a hearing more than 45 days after filing, then issued the order to show cause and set the hearing 75 days after the application was filed).

**III. The application is timely under section 704.750(a), and the levy remains in effect.**

Section 704.750(a) requires the judgment creditor to apply for an order for sale and file a copy of the application with the levying officer within 20 days

after service of the levying officer's notice. The Marshal's notice was mailed on September 17, 2026 (Singer Decl. ¶ 4); the 20-day period, extended five days for service by mail (§ 684.120(b)(1)), runs through October 12, 2026; because October 12, 2026 is a legal holiday on which this Court is closed, the period runs through October 13, 2026 (Fed. R. Civ. P. 6(a)(1)(C), (a)(6)(A)). Applicant's earlier application was on file with the Court and with the Marshal before the notice was served (Ex. Q), and this application is filed and delivered to the Marshal within the statutory period. Nothing in section 704.750 or in the order of September 21, 2026 released the levy, and the Marshal's returns of September 24, 2026 (ECF Nos. 34 and 35) reflect service of the levy. By letter of October 1, 2026, the Marshals Service confirmed that the levy remains active, has not been released, and that no release is pending as a result of the order of September 21, 2026 (Ex. S).

**IV. The 50 percent interest held in the judgment debtor's revocable trust is her property and is subject to this judgment.**

Probate Code section 18200 provides: "If the settlor retains the power to revoke the trust in whole or in part, the trust property is subject to the claims of creditors of the settlor to the extent of the power of revocation during the lifetime of the settlor." Section 15400 supplies the presumption: "Unless a trust is expressly made irrevocable by the trust instrument, the trust is revocable by the settlor." And where a trust has more than one settlor, "each settlor may revoke the trust as to the portion of the trust contributed by that settlor" unless the instrument provides otherwise. Prob. Code § 15401(b)(1). The Court of Appeal has applied these provisions to permit execution directly against real property held in a judgment debtor's revocable trust, affirming an order that a writ of execution issue against the trustees of the debtors' trust. *Keitel v. Heubel*, 103 Cal. App. 4th 324, 334, 338 (2002).

The recorded deeds support each element by inference. James C. Hutchings and Dianne J. Hutchings funded the Hutchings Family Trust dated February 21, 2018 by conveying their own property to themselves as its trustees; those deeds were recorded March 7, 2018. (Ex. K.) One week later, on March 14, 2018 (recorded April 12, 2018), the judgment debtor, acting as successor trustee of the Preston Revocable Living Trust, conveyed the 50 percent interest in the Dwelling that came to her from that trust to herself "as Trustee of the Hutchings Family Trust ... FBO Dianne J. Hutchings"—that is, for her own benefit. (Ex. A.) On that record she appears to be the settlor who contributed the interest, its trustee and its beneficiary; no instrument of record makes the trust irrevocable; and section 15400 presumes that it is not. That presumption applies because the record supports, by inference, that the judgment debtor was domiciled in California when the trust was created: within two weeks of its date the trust took title to San Bernardino County property (Ex. K), and the 2018 deed of the Dwelling interest directs tax statements to her in Victorville, California (Ex. A). Prob. Code § 15400. On this record the interest is "subject to the claims of creditors of the settlor," Prob. Code § 18200, and Applicant requests a determination that the levy recorded against "the interest of judgment debtor Dianne Hutchings" in the Dwelling (Ex. C) reaches it, or, in the alternative, an order under Keitel that a writ issue against her as trustee (Application ¶ 10). In Keitel the trust instrument itself was before the court; here it has not yet been produced. That is why the lodged order to show cause requires the judgment debtor to attach the instrument to any opposition that relies on it, and why Applicant has issued subpoenas for it. If it is produced and proves irrevocable, Applicant's alternative rests on Probate Code section 15304: a restraint on transfer is invalid against the creditors of a settlor who is also a beneficiary (§ 15304(a)), and where the trustee has discretion to pay the settlor, her creditors may reach the maximum amount the trustee could pay to her or for her benefit (§

15304(b)). The extent of that relief depends on the instrument's distribution terms and on proof that she is a settlor.

Code of Civil Procedure section 709.010 does not require a different course. That section governs enforcement against "[t]he judgment debtor's interest as a beneficiary of a trust" (§ 709.010(b)), and its provisions are expressly "subject to the limitations of" the Probate Code chapter on restraints on transfer (§ 709.010(c)), which makes a self-settled restraint invalid against the settlor's creditors (Prob. Code § 15304(a)). It is Probate Code section 18200, not section 709.010, that governs the creditor of a settlor who retains the power of revocation, and *Keitel* confirms that the creditor may proceed by writ of execution against the trust property. If the judgment debtor contends that the trust instrument departs from the statutory presumption, Applicant is informed and believes that, as trustee, she holds the instrument, and Applicant requests that the order to show cause direct her to produce it with any opposition.

**V. The burden on any homestead claim rests on the claimant.**

Because the Assessor's records show no current homeowner's or disabled veteran's exemption for the Dwelling, "the burden of proof that the dwelling is a homestead is on the person who claims that the dwelling is a homestead." § 704.780(a)(1). The application states on information and belief, with the recorded bases set out in paragraph 12, that the Dwelling is not the judgment debtor's homestead. If no homestead is established, "the court shall make an order for sale of the property in the manner provided in Article 6." § 704.780(b). If a homestead is established, the Court determines the exemption amount and the fair market value and orders the sale subject to the exemption unless the sale would not produce a bid sufficient to satisfy any part of the judgment under section 704.800. § 704.780(b).

**VI. The application discloses every lien and encumbrance of record, including the tax lien.**

Section 704.760(c) requires the sworn application to state the amount of each lien or encumbrance, the holder, and the address used by the recorder for return of the instrument, and the Court of Appeal has applied that requirement to property-tax liens, which arise by operation of law. *Meyer v. Sheh*, 74 Cal. App. 5th 830 (2022). Paragraph 13 sets out the tax lien, Applicant's own judgment and execution liens, the two related judgment liens that attach only to the co-owners' shares, the recorded easements and restrictions, and the absence of any deed of trust, each with the holder and the recorder's return address, and it identifies what is an estimate.

**VII. Only the judgment debtor's interest will be sold.**

Where the dwelling is held in tenancy in common, "the interest of the judgment debtor in the dwelling and not the dwelling shall be sold," and "[i]f there is more than one judgment debtor of the judgment creditor, the interests of the judgment debtors in the dwelling shall be sold together and each of the judgment debtors entitled to a homestead exemption is entitled to apply his or her exemption to his or her own interest." § 704.820(a). Applicant holds separate judgments, in separate actions, against Dianne Hutchings, Danyelle Ramirez and Bryan Centola. Whether the second sentence of section 704.820(a) reaches judgment debtors under separate judgments is not settled by the statute's text, and Applicant does not ask the Court to decide it now. Applicant asks only that, because the Hutchings and Ramirez interests are both levied and both before the Court, the Court coordinate the two hearings in its discretion. Applicant does not ask for an order directing a combined sale. If the Court concludes that section 704.820(a) requires the Centola interest to be sold with them, Applicant requests leave to levy on that interest and to present it on a supplemental application; no order affecting that interest is sought now.

**VIII. Conclusion.**

Applicant requests that the Court issue the lodged order to show cause, set the hearing, and after the hearing enter the lodged order for sale of the judgment debtor's interest in the Dwelling, including the determination under Probate Code section 18200 described above.

Dated: October 6, 2026

Russell J. Singer

Russell J. Singer
Judgment Creditor, in pro per

## CERTIFICATE OF COMPLIANCE (L.R. 11-6.2)

The undersigned certifies that the Memorandum of Points and Authorities above contains 2,021 words and 7 pages, which complies with the limit of 5,600 words and 20 pages set by paragraph 6 of the Court's Standing Order and with Local Rule 11-6.1. The count excludes the caption, the notice, the verified application, this certificate and the signature blocks.

Dated: October 6, 2026

Russell J. Singer

Russell J. Singer
Judgment Creditor, in pro per